Akhlas Naim GEORGE, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72673.

Agency No. A78–759–515.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2004.

Decided March 16, 2004.

Mark Jacob Thomas, Chicago, IL, for Petitioner.

District Director, Office of the District Counsel, San Diego, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Alison R. Drucker, Kurt B. Larson, Michelle E. Gordon, Washington, DC, for Respondent.

Before NOONAN, KLEINFELD, and BERZON, Circuit Judges.

### MEMORANDUM *

■ *Falcon Carriche v. Ashcroft* compels rejection of George's contention that streamlined review violates due process.[1] Under 8 C.F.R. § 1003.1(a)(7), we review the oral decision of the immigration judge (IJ) as the final agency decision.

*INS v. Elias–Zacarias*[2] requires us to review the administrative record to see if substantial evidence, as opposed to speculation or conjecture, supports the IJ's adverse credibility finding.[3] We may only reverse the IJ in favor of the petitioner if "the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution," or the requisite probability of persecution or torture upon removal.[4]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

2. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *see*

*also Prasad v. INS,* 47 F.3d 336, 338–39 (9th Cir.1995).

3. *Salaam v. INS,* 229 F.3d 1234, 1238 (9th Cir.2000).

4. *Elias–Zacarias,* 502 U.S. at 483–84; *Gomez–Saballos v. INS,* 79 F.3d 912, 914 (9th Cir. 1996).

However, "we must determine whether the evidence *cited* by the [Board of Immigration Appeals (BIA) or the IJ] supports its adverse credibility finding."[5]

In this case, some of the evidence cited by the IJ supports, and some does not support, the adverse credibility determination. The IJ stated that it was the "sum total of the inconsistency that leads the Court to believe that [George's] testimony and evidence cannot be trusted." Yet substantial evidence does not support some of the apparent discrepancies or inconsistencies that comprise part of the "sum total." The apparent discrepancies with regards to George's father's occupation, the length of his detention, and the cause and location of his death are reconcilable and do not go to the heart of the case.

But it is possible that substantial evidence in the record could support such a determination on remand.[6] We therefore cannot conclude whether such a finding would be made on the subset of grounds that were supported by substantial evidence.

We GRANT the petition and REMAND the cause to the BIA for further proceedings to reconsider the adverse credibility determination,[7] and, if George is found credible, to judge the case on the merits of the asylum and withholding-of-removal claims.[8] Regardless of whether the BIA reaches the merits on those two claims, it also must analyze separately whether George is entitled to relief under the Convention Against Torture.[9]

GRANTED AND REMANDED.

---

5. *Singh v. Ashcroft,* 301 F.3d 1109, 1112 (9th Cir.2002) (emphasis added).

6. *Cf. Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003).

7. *Cf. Arulampalam v. Ashcroft,* 353 F.3d 679, 689 (9th Cir.2003).

8. *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir. 1995).

9. 8 C.F.R. §§ 1208.16, 1208.18; *Kamalthas v. INS,* 251 F.3d 1279, 1283–84 (9th Cir.2001).